(No. 15064.—Reversed and remanded.)

THE LATHAM-LINCOLN MINING COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANK MOOSE, SR., Plaintiff in Error.)

*Opinion filed February 21, 1923.*

WORKMEN'S COMPENSATION—*when award for permanent partial loss of vision is properly set aside—remandment.* Where there is not sufficient evidence to determine the extent of the loss of vision caused by an injury to an eye, an award for eighty per cent loss of the use of the eye is properly set aside by the circuit court, but if it appears from the testimony that the injury has produced a permanent partial obscuring of the vision the cause should be remanded to the commission for further evidence.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. STEVENS R. BAKER, Judge, presiding.

KERR, MURPHY & LONDRIGAN, for plaintiff in error.

JOHN J. SHERLOCK, and HAROLD F. TRAPP, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

While he was digging a prop-hole on September 16, 1919, a piece of sulphur struck the plaintiff in error, Frank Moose, Sr., in the left eye, and an award was made to him by an arbitrator, under the Workmen's Compensation act, against the Latham-Lincoln Mining Company, his employer, of $12 a week for five and five-sevenths weeks for temporary total incapacity and $12 a week for eighty weeks, under the provisions of paragraph (*e*) of section 8 of the act, for the permanent loss of eighty per cent of the use of the left eye. This award was reviewed and confirmed by the Industrial Commission. Upon a writ of *certiorari* sued out by the employer the circuit court of Logan county set aside the decision of the commission and found that there was no permanent partial loss of the use of the eye, and on the petition

of Frank Moose, Sr., a writ of error was allowed for the purpose of reviewing the record.

The only question is whether there was a permanent partial loss of the use of the left eye, and if so, what was the extent of it.

Only two witnesses were examined. The plaintiff in error testified that a piece of sulphur flew out of the coal and penetrated the eye-ball. He went home at once and the next day tried to work, but could not because of the inflammation and pain in his eye. He went to Dr. Pugh, who treated it and told him he had better go to someone else, as Dr. Pugh knew nothing about the eye. In the next few days he called upon and was treated by several physicians, and finally went to Dr. Hagler, in Springfield, about September 22, who treated him from Monday until Thursday. He had never had any trouble with his eye before it was hurt, and at the time of the hearing, looking at people fifteen feet away with the left eye, he could see something between him and the light but could not see what it was. Before the injury he made no test of his left eye, but the Sunday before the hearing he saw a man three blocks away and as he came closer he shut the right eye and could not see the man. On the hearing before the commission he testified that the condition of the left eye was about the same as at the last hearing; that he was sitting four or five feet from the examiner but could not tell who he was. He could see an object at that distance with the left eye but could not tell what it was.

Dr. Balding, a witness for the employer, testified that he examined the plaintiff in error on December 15, 1920, which was three weeks before the hearing by the arbitrator, and found the distance vision of the two eyes at twenty feet practically the same. Each was 20-200,—that is, he saw at twenty feet what he should see at two hundred feet. Each eye was tested with the vision of the other obstructed. The plaintiff in error claimed he could not see with his left

eye, but by getting him off guard and obstructing the right eye without his knowledge he could see 20-200 with the left eye, and the doctor found no loss of vision of the left eye. There was evidence of an injury to the left eye,—a slight opacity of the cornea a little below and to the left of the pupil, which looked as if a foreign body had injured the cornea,—that could be seen with the naked eye. It was in the lower left quadrant, over the iris, and covered a little of the pupil. Looking directly through the scar the vision would be blurred. This condition is permanent, but the doctor did not think there was any loss of vision for working purposes, and did think the plaintiff in error had very good eyesight for a man of his age, which was sixty-eight years, though his vision of 20-200 was about as low as could be considered for industrial purposes.

It is a reasonable inference from this testimony that the plaintiff in error received an injury to his left eye which caused a scar extending over the iris and a part of the pupil, causing a partial obscuring of the vision of a permanent character. There is not sufficient evidence to determine the extent of the loss of vision caused by the injury. For this reason the decision of the commission was properly set aside, but the cause should have been remanded to the commission to permit the introduction of further evidence as to the extent of the permanent loss of vision.

The judgment of the circuit court will therefore be reversed and the cause will be remanded, with directions to set aside the award and remand the cause to the Industrial Commission for further consideration upon the evidence already heard and such further evidence as the parties may present. *Reversed and remanded, with directions.*